UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**NICK DIGREGORIO,** on behalf of himself and all others similarly situated,

*Plaintiff*

v.

**BROWNELLS, INC.,** *et al*,

*Defendant*

Case No. 23-cv-04557-JMY

## ORDER

**AND NOW**, this 26th day of March, 2024, upon consideration of Defendant Brownells Inc.'s Motion to Dismiss (ECF No. 15), and all documents submitted in support thereof and in opposition thereto, it is **ORDERED** that Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED**.[1] Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

BY THE COURT:

*/s/ John Milton Younge*

**Judge John Milton Younge**

---

[1] Plaintiff initiated this suit on November 17th, 2023, after purchasing a Smith & Wesson M&P15 Sport II from brownells.com. The Plaintiff filed his original complaint alleging that the Defendant's use of the Facebook Pixel violated the Pennsylvania Wiretapping Act, 18 Pa. C.S. § 5701, and Pennsylvania Uniform Firearms Act, 18 Pa. C.S. § 6111(i). Specifically, Plaintiff claimed the Defendant intercepted Plaintiff's communications, "including those that contained personally identifiable information and protected information about his firearms purchases." (ECF No. 1). After the Complaint was filed, Brownells advised DiGregorio that the Facebook Pixel was not in use at the time of his purchase. Plaintiff then filed an Amended Complaint. ("Amended Complaint," ECF No. 14).

A court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) challenge may be presented as either facial or factual. A facial 12(b)(1) challenge, attacks the complaint on its face without contesting its alleged facts…" and requires the Court to "consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. And Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977). A factual 12(b)(1) challenge attack concerns "the actual failure

of a plaintiff's claims to comport factually with the jurisdictional prerequisites. *CNA v. United States,* 535 F.3d 132, 139 (3d Cir. 2008). Essentially, a factual challenge would involve challenging "whether the District Court actually had subject matter jurisdiction based on the facts alleged." There are three procedural consequences for the Court to consider in a factual challenge. First: "no presumption of truthfulness attaches to the allegations of the plaintiff." Second, "the plaintiff has the burden of proving subject matter jurisdiction…" and third, the court "has the authority to review evidence outside the pleadings and make factual findings that are decisive to determining jurisdiction." *Dockery v. Heretick*, Civil Action No. 17-4114, 2019 U.S. Dist. LEXIS 81748, at *14 (E.D. Pa. 2019).

In analyzing Article III standing, three inquiries must be examined: "First, an 'injury in fact,' or an 'invasion of a legally protected interest' that is 'concrete and particularized." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Second, a "causal connection between the injury and the conduct complained of." *Id*. And third, a likelihood "that the injury will be redressed by a favorable decision." *Id*. at 561. "In a class action context, our standing inquiry focuses solely on the class representative(s)." *Mielo v. Steak 'N Shake Operations, Inc*., 897 F.3d 467, 478 (3rd. Cir. 2018). As such, the named individuals in a class must indicate how they have been personally injured, rather than rely on the injury being suffered by the unidentified members of a class. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The tort of public disclosure of facts requires a dissemination of facts to the public, such that it becomes common knowledge. The elements are as follows: "the matter publicized is (1) publicity, given to (2) private facts, (3) which would be highly offensive to a reasonable person, and (4) is not of legitimate concern to the public." *In re BPS Direct, LLC*, MDL 3074, 2023 U.S. Dist. LEXIS 216728, at *52 (E.D. Pa. Dec. 5, 2023). Under Pennsylvania law, the tort of intrusion upon seclusion requires plaintiffs to allege "an intentional intrusion upon the seclusion of their private concerns which was substantial and highly offensive to a reasonable person…" *Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co*., 570 Pa. 242, 247 (Pa. 2002), as well as "aver sufficient facts to establish that the information disclosed would have caused mental suffering, shame or humiliation to a person of ordinary sensibilities." *(Id.)*

In the Amended Complaint, Plaintiff argues the Defendants violated the same statutes because of Defendant's use of Listrak. (ECF No. 14).  In the Defendant's Motion to Dismiss ("MTD," ECF No. 15), it was noted that Listrak uses information that customers input into brownells.com, to build a customer profile which is then used to develop Brownells' e-mail marketing campaign and other advertising projects. Listrak included an identity resolution functionality called "GXP" which allows for Listrak to gather the information needed to build a more complete profile that is used for marketing and advertising purposes. (*Id*.) However, the GXP function was not activated on the website on the date of the Plaintiff's purchase. As such, the GXP feature was not used to retain any information regarding Mr. DiGregorio's identity; rather Listrak used it for the company's *own* marketing purposes. (*Id*.) Given the facts, it's inconceivable that the Defendant intercepted the Plaintiff's communications, as the function was not in operation.

Likewise, Plaintiff's claim for public disclosure of private facts is meritless seeing as no private facts were disseminated to other individuals such that it would become common knowledge. For the tort of intrusion upon seclusion, an analysis of the disclosed facts is essential for validity of the claim. Similar to the first claim, the facts gathered by the Defendant were not of type of caliber such that if disclosed, would be regarded as highly offensive. This Court has previously found that the disclosure of a gun purchase was "not the type of highly offensive or objectionable conduct to which liability can attach…" *In re BPS Direct, LLC,* 2023 U.S. Dist. LEXIS 216728, at *53. In the present case, the GXP function that would have allowed for information to be collected, was not in use. As such, this claim is baseless, seeing as the interception was unable to take place to begin with. Moreover, even if information was collected, it is unlikely that purchase information of a gun would be regarded as highly offensive if disclosed. Based on the validity of this factual attack as well as the lack of injury resulting from the alleged claims, the Defendant's Motion to Dismiss for lack of subject matter jurisdiction pursuant to 12(b)(1) is granted.